SOLOMON vs. P., B. & W. R. R.    21

SYLLABUS.

JOHN O. SOLOMON *vs.* PHILADELPHIA, BALTIMORE AND WASHINGTON RAILROAD COMPANY, a corporation existing under the laws of the State of Delaware.

*Personal Injuries—Railroad Company—Street Railway—Duty of Passenger—Obstruction in Street made by Railroad Company—Negligence—Independent Contractor—Motion for a Nonsuit.*

1.   The right given to a railroad company to construct an elevated road and to bridge over a public street of the city, carries with it the right to place in said street such temporary posts or pillars as are necessary and proper for the construction of such elevated road and bridge, not needlessly interfering with the use of said street as a public highway and not dangerous to the public travel thereon by street railway or otherwise.

2.   If the post or pillar which caused the injury to the plaintiff was dangerously and unnecessarily near to the track of the street railway, the defendant would be responsible for injuries occasioned thereby, without the fault of the injured person, whether the same was erected by the defendant or its servants or agents, or by some other person or persons, provided in the latter case that the defendant suffered the same to remain an unreasonable time after it had due notice or knowledge of the dangerous character of the erection.

3.   Where a corporation is duly authorized to build a bridge over a city street, and, as incident thereto, has the right to place temporary structures in said street, such right must be exercised with such care and diligence as not to endanger unnecessarily the lives and property of the public while using such street as a public highway, and the failure to exercise such care and diligence is negligence.

4.   Where there is an obstruction in a public street, whether lawfully or unlawfully, the traveler is bound to use reasonable care and diligence to avoid injury from such obstruction and his faiulre to do so is negligence. What constitute such reasonable care and diligence will depend upon the facts of each particular case.

5.   If the danger is open and apparent, such as the plaintiff knows, or might know by the reasonable use of his senses, and he fails to act as a reasonably prudent man would or should act under such circumstances, he is guilty of negligence.   On the other hand, if the danger was not known to the plaintiff, and he could not have discovered it by the exercise of reasonable care, a less degree of care and diligence is required of him.

6.   The presumption that a public street is safe for ordinary travel, applies only to those who have no knowledge or reasonable means of knowledge that it is unsafe.

7.   It is negligence for a passenger upon a moving street car unncessarily to expose his person, or any part thereof, beyond the exterior line of such car, or beyond the outer edge of the running-board.

8.   The running-board of a street car, in so far as it concerns passengers, is intended for the purpose of furnishing a means of ingress and egress

to and from the car; and if a passenger unnecessarily walks upon such running-board while the car is in motion, and while so doing is struck and injured by a post or pillar standing far enough from the track to allow the car to freely pass it, such passenger is guilty of negligence.

(*January* 24, 1906.)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Horace G. Knowles* for plaintiff.

*Herbert H. Ward* and *Andrew C. Gray* for defendant.

Superior Court, New Castle County, November Term, 1905.

ACTION ON THE CASE (No. 212, September Term, 1905), to recover damages for personal injuries, alleged to have been occasioned by the negligence of the defendant company in placing and erecting a certain obstruction, to wit, a piece of timber or a pillar, in the bed of East Third Street, in the City of Wilmington, dangerously and unnecessarily near to the tracks of the Wilmington City Railway Company, whereby the said plaintiff, who in the exercise of due care and caution on his part was riding as a passenger on a certain car of the said Railway Company, through and along said street, was then and there hit and struck with great force and violence, by said obstruction, and thereby by means of the negligence and carelessness of the said defendant the said plaintiff was greatly injured.

At the trial the plaintiff testified that on the afternoon of August twenty-third, 1905, in the course of his employment as policeman in the City of Wilmington, on East Third Street, near the tracks of the defendant company, he had to go over to South Wilmington across the Christiana, over Third Street Bridge; that he boarded a street car near the defendant company's railroad tracks, that the street car tracks passed under a trestle work of the defendant company, supported by timbers or pillars, which were very close to the side of the car—being only twenty-nine inches from the rail of the street car track and about eight inches from the handle bars of the car—that as the car stopped,

SOLOMON vs. P., B. & W. R. R.                    23

EVIDENCE—MOTION FOR NONSUIT.

he got on the running-board and grabbing the handle bars, took not over two steps forward in order to bring himself opposite the space between two seats so that he could enter the car, and while in a stooping position attempting to enter the car he was caught by said timbers or pillars, crushed and jammed up against the car and rolled over and over as the car passed through the trestle work and was thereby severely injured.

The plaintiff further testified that he was not on the running-board over a second before he was struck; that his regular duties did not require him to be in the neighborhood of the scene of the accident, and that with the exception of being there on the morning of the day of the accident and twice on the day before, he had not theretofore been in that section of the city for about eight months; that when last there he had merely glanced at the trestle work.

The plaintiff was permitted to show, against objection of defendant as irrelevant, the condition of the pillars referred to the morning after the accident; the Court holding that if the pillars were changed between the time of the accident and the time of the examination the next morning, the defendant could show it.

At the close of plaintiff's testimony, defendant moved for a nonsuit upon two grounds, viz:

*First.* That no negligence had been shown on the part of the defendant company. That as Ryan and Kelly were the contractors who were in charge of the elevation of the defendant company's tracks, said contractors, and not the defendant, were responsible for any accident or injury to the plaintiff.

*Second.* That there was contributory negligence (or assumption of risk) on the part of the plaintiff.

The Court, after hearing argument, refused the nonsuit.

### PLAINTIFF'S PRAYERS.

1. That roads are made for public convenience, and when one is established as a public road, if there be any unlawful

obstruction of it whatever, it is a nuisance, indictable as such; and if such obstruction causes special damage to a particular person, he may have his private action for the injury.

*Johnson vs. Stayton,* 5 *Harr.,* 449.

2.   That if the jury believe from the evidence in this case that Third Street, at the time this accident happened, was a public street of the City of Wilmington, and that the defendant erected or caused to be erected in the bed of that street, pillars, without having legal authority to so use the bed of that street, then such use of that street would amount to an unlawful obstruction of the same and would be a nuisance, and for any special damages resulting therefrom to the plaintiff, he would be entitled to recover.

*Elliott on Roads and Streets, Secs.* 645, 651; 16 *A. & E. Ency. Law,* 937.

3.   Even where corporations are authorized to use public streets, the law requires that they use due care and diligence to protect and save the public from loss or injury.

*Cook, vs. W. C. Elec. Co.,* 9 *Houst.* 309; *Neal vs. W. C. Ry.,* 3 *Pennewill.* 470.

4.   That if the jury shall find that the plaintiff is entitled to recover, then damages should be awarded to compensate him for his pain and suffering in the past and such as he may hereafter endure, as a result of the accident, and also for his expenses for doctor's bills, and medicines; also for the impairment of his ability to perform his usual occupation.

## DEFENDANT'S PRAYERS.

1.   To return a verdict for the defendant.

2.   The burden is on the plaintiff to prove negligence by positive evidence.

3.   Negligence is not presumed but must be proven and the burden of showing negligence is on the plaintiff.

4.   The ground of this action is negligence, and not nuisance. Where the construction of a public highway is not in itself unlaw-

ful, not a public nuisance, then the ground of liability is not the commission of a public nuisance, but the failure to use reasonable care and skill in the exercise of the lawful right of occupying the street.

*Thompson on Neg., Vol.* 1, *Sec.* 1188.

5. The presumption that streets are safe for ordinary travel only applies to those who have no knowledge of the obstruction.

103 *Pa. St.* 32; *Peachey vs. Rolan,* 13 *C. B.* 182; 80 *Wis.* 187.

6. If there be danger open and apparent in the street, of which the plaintiff knows, and the plaintiff, with his eyes open, using not ordinary care, is injured thereby, he has no right to recover, for he contributed to his own injury.

When a man is guilty of an act which causes his injury, though another be first liable of causing the danger, and by reason of want of ordinary care on his part takes the risk, being fully warned,—he is guilty of contributory negligence.

*Cook vs. Wil. City Electric Co.,* 9 *Houst.* 306; *Butterfield vs. Trustee,* 11 *East.* 60; *Allen vs. Tele. Co.,* 21 *Hun.* 22; *Betts vs. Wil. City Ry. Co.,* 3 *Penn.* 448; *and Boudwin vs. Wil. City Ry. Co.,* 4 *Penn.* 381.

7. It is *per se* negligence for a passenger unnecessarily to expose his person or any part thereof beyond the exterior line of a moving car, and the question whether he was negligent in so doing is not for the determination of the jury unless there be some qualifying circumstances present.

*Thomas Neg. Rules,* etc., 289.

8. Where a passenger left his seat in an open car without reasonable cause, and started to get on the outside step to another seat and was hit by an iron column in the street and hurt, the defendant would not be liable.

36 *N. Y.* 135; 67 *N. Y.* 596; 100 *N. Y.* 171; 7 *N. Y.* 207; 14 *N. Y.* 429; 147 *Mass.* 112; 56 *Pa. St.* 294; 29. *Ind.* 82; 39 *Maryland* 329; 78 *Va.* 645; 114 *N. Y.* 609.

9. Walking on the running board of an electric car in motion when there is room inside is negligence *per se.*

*Kitchner vs. Oil City Ry. Co.*, 210 *Pa. St.* 45; *Bumbaer vs. United Trac. Co.*, 198 *Pa. St.* 198; *Woodroffe vs. Ry. Co.*, 201 *Pa. St.* 521; *Thayne vs. Scranton Trac. Co.*, 191 *Pa. St.* 249.

10. If a passenger projects his body outward from the outer edge of the footboard, so as to bring it in contact with a post, where he is familiar with the surroundings, he is held to have contributed to his own injury.

*Sibley vs. New Orleans City R. Co.*, 21 *So.* 851.

11. The authority given to a railroad company to place its tracks on the street carries with it authority to obstruct its use temporarily, so far as the building of the tracks require it to be done.

*Ry. Co. vs. Gardner*, 45 *O. St.* 309, at 322; *Sheppard vs. R. R. Co.*, 130 *U. S.*, at 433.

SPRUANCE, J., charging the jury:

Gentlemen of the jury:—This action is brought by the plaintiff to recover damages for personal injuries alleged to have been occasioned by the negligence of the defendant company.

It is not disputed that on the afternoon of August twenty-third last, while the plaintiff was upon the running-board of an open electric car of the Wilmington City Railway Company, passing along Third Street, under the elevated road of the defendant company, he was thrown from the car and injured by coming in contact with a post or pillar in said street which with others had been placed there for the temporary purpose of erecting the railroad bridge over said street.

Certain resolutions are in evidence passed in December, 1901, by the Street and Sewer Department of the city of Wilmington, the department of the city government having charge of the streets of the city, giving to the Philadelphia, Wilmington and Baltimore Railroad Company the right to construct an elevated railroad along and over certain streets of the city, among the latter of which was .Third Street, at the point where the plaintiff was injured.

SOLOMON vs. P., B. & W. R. R. 27

CHARGE.

It is conceded that after this action of the Street and Sewer Department and before the accident to the plaintiff, by proper proceedings, there was a merger of the Philadelphia, Wilmington and Baltimore Railroad Company with a certain other railroad company under the name of the Philadelphia, Baltimore and Washington Railroad Company, and that the latter company against which this suit is brought became thereby vested with all the rights and charged with all the liabilities of the said Philadelphia, Wilmington and Baltimore Railroad Company so far as the same affect this action.

The right thus given to the defendant company to construct an elevated road and a bridge over Third Street carried with it the right to place in said street such temporary posts or pillars as were necessary and proper for the construction of such elevated road and bridge, not needlessly interfering with the use of said street as a public highway, and not dangerous to the public travel thereon by street railway or otherwise.

The plainiff charges that he was injured by the negligence and carelessness of the defendant; (1) in placing said post or pillar in the bed of said street dangerously and unnecessarily near to the tracks of the Wilmington City Railway Company, and (2) in suffering and permitting an obstruction (meaning said post or pillar) to be and remain in said street dangerously and unnecessarily near the track of the said street railway company.

Upon this branch of the case it will be necessary for you to inquire:

1. Whether the said post or pillar was erected or placed in said street by the defendant company, or (which is the same thing) by its servants or agents or any of them.

2. Whether the said post or pillar, if erected by some person or persons other than the defendant, its servants or agents, was, after due notice or knowledge of that fact, suffered and permitted by the defendant to remian where it had been thus erected.

3. Whether the said post or pillar was erected or placed dangerously and unnecessarily near to the said street railway track.

These questions are to be determined by you from the evidence.

If said post or pillar was dangerously and unnecessarily near to the track of said street railway, the defendant would be responsible for injuries occasioned thereby, without the fault of the injured person, whether the same was erected by the defendant or its servants or agents, or by some other person or persons, provided in the latter case that the defendant suffered the same to remain an unreasonable time after it had due notice or knowledge of the dangerous character of the erection.

Where a corporation is duly authorized to build a bridge over a city street, and as incident thereto, has the right to place temporary structures in said street, such right must be exercised with such care and diligence as not to endanger unnecessarily the lives and property of the public while using such street as a public highway, and the failure to exercise such care and diligence is negligence.

The plaintiff cannot recover unless it has been proved to your satisfaction by a preponderance of the evidence that the injuries to the plaintiff were caused by the negligence of the defendant company. Such negligence is not to be presumed, but must be proved to your satisfaction to entitle the plaintiff to recover, and the burden of proving such negligence is upon the plaintiff.

If you shall be satisfied from the evidence that the defendant was guilty of negligence as charged, the plaintiff cannot recover in this action if he himself was guilty of negligence which contributed to the accident in which he was injured.

Such negligence of the plaintiff is not to be presumed, and the burden of proving it is upon the defendant.

Where there is an obstruction in a public street, whether lawful or unlawful, the traveler is bound to use reasonable care and diligence to avoid injury from such obstruction, and his failure to do so is negligence.

What constitutes such reasonable care and diligence will depend upon the facts of each particular case.

If the danger is open and apparent, such as the plaintiff

SOLOMON vs. P., B. & W. R. R.            29

VERDICT.

knows, or might know by the reasonable use of his senses, and he fails to act as a reasonably prudent man would or should do under such circumstances, he is guilty of negligence.

On the other hand, if the danger was not known to the plaintiff and he could not have discovered it by the exercise of reasonable care, a less degree of care and diligence was required of him.

The presumption that a public street is safe for ordinary travel applies only to those who have no knowledge or reasonable means of knowledge that it is unsafe.

It is negligence for a passenger upon a moving street car unnecessarily, to expose his person, or any part thereof, beyond the exterior line of such car, or beyond the outer edge of the running-board.

The running-board of a street car, so far as concerns passengers, is intended for the purpose of furnishing a means of ingress and egress to and from the car; and if a passenger unnecessarily walks upon such running-board while the car is in motion, and while so doing is struck and injured by a post or pillar standing far enough from the track to allow the car to freely pass it, such passenger is guilty of negligence.

We decline to instruct you to return a verdict for the defendant as requested by the defendant.

If your verdict shall be for the plaintiff it should be for such sum as will reasonably compensate him for his injuries, including his loss of time, his pain and suffering in the past and such as he may hereafter endure as the result of his injuries, and for his permanent injuries, and the impairment of his ability to perform the duties of his usual occupation, and such reasonable expenses as he may have incurred in endeavoring to be cured of his injuries.

The jury disagreed.